| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Armen Shaghzo<br>Shaghzo & Shaghzo Law Firm. APC<br>100 W. Broadway, Suite 540<br>Glendale, CA 91210<br>818-241-8887<br>178802<br>☒ *Attorney for Debtor* | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | CASE NO.: **2:09-bk-40964**<br><br>CHAPTER: 7 |
|---|---|
| In re:<br><br>   **Rob Richards**<br><br><div align="right">Debtor.</div> | DATE: April 28, 2010<br><br>TIME: 10:00 a.m.<br><br>COURTROOM: 1568 |

## NOTICE OF MOTION FOR:

| **DEBTOR'S NOTICE OF MOTION AND MOTION TO COMPEL THE TRUSTEE TO ABANDON REAL PROPERTY OF THE ESTATE** |
|---|

*(Specify name of Motion)*

1. TO: **The U.S. Trustee, Trustee John J. Menchaca, Esq., Creditors, and all interested parties**

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

| Hearing Date: April 28,2010 | Time: | Courtroom: | Floor: |
|---|---|---|---|
| ☒    **255 East Temple Street, Los Angeles** | | ☐ | **411 West Fourth Street, Santa Ana** |
| ☐    **21041 Burbank Boulevard, Woodland Hills** | | ☐ | **1415 State Street, Santa Barbara** |
| ☐    **3420 Twelfth Street, Riverside** | | | |

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response with the Bankruptcy Court and serve a copy of it upon the Movant or Movant's attorney (at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according the Judge's self-calendaring procedures.

Dated: April 1, 2010

                                     **Shaghzo & Shaghzo Law Firm. APC**
                                     *Law Firm Name*

                                     By: _____

                                     Name:   **Armen Shaghzo 178802**
                                          *Attorney for Movant*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re<br>**Rob Richards** | CHAPTER: **7** |
|---|---|
| Debtor(s). | CASE NO.: **2:09-bk-40964** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.  Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**100 W. Broadway, Suite 540, Glendale, CA 91210**

A true and correct copy of the foregoing document described as  **Debtor's Notice of Motion and Motion to Compel the Trustee to Abandon Real Property of the Estate**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On  **04/02/10**    I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  **04/02/10**    I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will</u> be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 2, 2010 | Natalie Keshishian | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

**F 9013-1.1**
Best Case Bankruptcy

| In re<br>**Rob Richards** | CHAPTER: **7** |
|---|---|
| Debtor(s). | CASE NO.: **2:09-bk-40964** |

**ADDITIONAL SERVICE INFORMATION (if needed):**

**VIA "ECF"**
United States Trustee (LA)
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017
ustpregion16.la.ecf@usdoj.gov

John J Menchaca
835 Wilshire Blvd., Suite 300
Los Angeles, CA 90017
igaeta@menchacacpa.com

Elan S Levey
Levinson Arshonsky & Kurtz, LLP
15303 Ventura Blvd Ste 1650
Sherman Oaks, CA 91403
elevey@laklawyers.com

Wesley H Avery
Roquemore Pringle & Moore
6055 E Washington Blvd
Ste 500
Los Angeles, CA 90040-2466
wavery@rpmlaw.com

**VIA U.S. MAIL**
Jeffrey Ullman
c/o Leonard Dicker & Schreiber
9430 W Olympic Blvd #400
Beverly Hills, CA 90212-4552

Law Offices of Mann Bracken, LLP
28632 Roadside Dr., Suite 265
Agoura Hills, CA 91301-6300

Walker Technical Company
6610 Crown Lane S
Zionsville, PA 18092-2324

Time Warner Cable
60 Columbus Circle
New York, NY 10023-5802

First Premier Bank
601 S. Minnesota Ave
Sioux Falls, SD 57104-4868

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

**F 9013-1.1**
Best Case Bankruptcy

| In re<br>**Rob Richards** | CHAPTER: **7** |
|---|---|
| Debtor(s). | CASE NO.: **2:09-bk-40964** |

Capital One Bank
 P.O. Box 60024
City Of Industry, CA 91716-0024

Chase
Cardmember Services
P.O. Box 15548
Wilmington, DE 19886-5548

Hollywood Dell First Mortgage Investors
c/o Levinson Arshonsky & Kurtz, LLP
 15303 Ventura Blvd., Suite 1650
 Sherman Oaks, CA 91403-6620

Juniper
 Card Services
 P.O. Box 13337
Philadelphia, PA 19101-3337

Alan Lewis, DDS
16055 Ventura Blvd., #815
Encino, CA 91436

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Armen Shaghzo [SBN 178802]
SHAGHZO & SHAGHZO LAW FIRM, APC
100 West Broadway, Ste. 540
Glendale, CA 91210
(818) 241-8887 Tel.
(818) 241-0035 Fax.

Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | CASE NO.: 2:09-bk-40964-ER |
| ROB RICHARDS aka ROBERT FRANK LETHERER aka ROBERT RICHARDS, | Chapter 7 |
| Debtor. | **DEBTOR'S NOTICE OF MOTION AND MOTION TO COMPEL THE TRUSTEE TO ABANDON REAL PROPERTY OF THE ESTATE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROB RICHARDS; AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** |
| | [11 U.S.C. Section 554(b)] |
| | **Date:**   April 28, 2010 |
| | **Time:**   10:00 a.m. |
| | **Place:**   Courtroom 1568 |
| | 255 E. Temple Street |
| | Los Angeles, California |

**TO THE HONORABLE ERNEST ROBLES, UNITED STATES BANKRUPTCY JUDGE,**

**AND OTHER PARTIES IN INTEREST:**

   **PLEASE TAKE NOTICE** that on April 28, 2010, at 10:00 a.m., in Courtroom 1568 of

the United States Bankruptcy Court, 255 E. Temple Street, Los Angeles, California, Rob

Richards aka Robert Frank Letherer aka Robert Richards, the debtor herein ("Debtor"), will and

hereby does move (the "Motion") this Court to enter an order compelling the Trustee to abandon,

DEBTOR'S NOTICE OF MOTION AND MOTION TO COMPEL THE TRUSTEE TO ABANDON REAL PROPERTY OF THE ESTATE - 1
In re Richards, Rob
2:09-bk-40964-ER

as of the date of the entry of an order approving this Motion, the following real property of the estate (collectively, the "Real Property"):

1.    2100 Vine Street, Los Angeles, California 90068; and

2.    2110 Alcyona Drive, Los Angeles, California 90068.

This Motion is made on the grounds that the Real Property is burdensome to the estate, and has inconsequential value and benefit to the estate, pursuant to 11 U.S.C. Section 554(b), Fed. R Bank. P. 6007, and Local Bankruptcy Rule 6007-1 and 9031-1. The Motion is based upon this Notice, the Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Rob Richards and the Request for Judicial Notice, the papers and pleadings on file herein, and such other evidence that may be presented at the hearing.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1, any parties seeking to object to the relief sought in the Motion must, not later than fourteen (14) days before the hearing date, file a written statement with the Clerk of the Bankruptcy Court, 255 E. Temple Street, L.A. 90012, and serve copies of the same upon counsel for the Debtor at the above-referenced address, upon John J. Menchaca, the Chapter 7 Trustee, 835 Wilshire Blvd, Suite 300. Los Angeles, CA 90017-2655, and upon the United States Trustee, 725 S Figueroa St., 26th Floor, Los Angeles, CA 90017.

**PLEASE TAKE FURTHER NOTICE** that any response not timely filed and served may be deemed waived.

Dated:  April 1, 2010                          SHAGHZO & SHAGHZO LAW FIRM, APC

By: _____
ARMEN SHAGHZO
Attorneys for Debtor

DEBTOR'S NOTICE OF MOTION AND MOTION TO COMPEL THE TRUSTEE TO ABANDON REAL PROPERTY OF THE ESTATE - 2
In re Richards, Rob
2:09-bk-40964-ER

006

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Rob Richards aka Robert Frank Letherer aka Robert Richards, the debtor herein ("Debtor") hereby moves (the "Motion") this Court for an order compelling the Chapter 7 trustee of the Debtor's estate to abandon, as of the date of the entry of an order approving this Motion, the following real property parcels of the estate:  (A) 2100 Vine Street, Los Angeles, California 90068; and (B) 2110 Alcyona Drive, Los Angeles, California 90068 (collectively, the "Real Property").

The Debtor makes this Motion on the grounds that the Real Property is burdensome to the estate and has inconsequential value and benefit to the estate.

### II.

### STATEMENT OF FACTS

The Debtor commenced his voluntary Chapter 7 petition under Title 11 of the U.S. Bankruptcy Code (the "Petition Date").  John J. Menchaca serves as the duly appointed Chapter 7 Trustee (the "Trustee").

The Debtor's Bankruptcy Schedule "A" reflects that the Debtor claims no legal or equitable interest in the Real Property, nor is the Debtor in possession of the Real Property. Additionally, Debtor's Schedule "C" does not list the Real Property as exempt.  A true and correct copy of the Debtor's Bankruptcy Schedules "A" and "C" are attached to the Request for Judicial Notice ("RJN") collectively as Exhibit "1" and are incorporated herein by this reference.

On January 11, 2010, Hollywood Dell First Mortgage Investors, LP, and Carl E. Lindros, Trustee of The Lindros Family Revocable Trust U/A 12/1782 (collectively, the "Secured Creditors") filed a Notice of Motion and Motion for Relief from Automatic Stay (Action in Non-Bankruptcy Forum) ("Stay Relief Motion").  The Motion requested relief from stay for the

007

1    specific purpose to *commence* the filing of an action against the Debtor and other non-debtor

2    defendants in the Los Angeles County Superior Court (the "State Court Action").  More

3    specifically, the Secured Creditors sought relief in order to pursue an action for quiet title (the

4    "Complaint") concerning the Real Property, based upon issues that arose as a result of various

5    transfers of the Real Property by the Debtor and his spouse, Rebecca L. Richards ("Rebecca"),

6    and subsequent liens recorded against the Property.

7        Essentially, the prospective State Court Action seeks to judicially clarify and quiet title to

8    any adverse claim rights, titles, estates, liens, or interests in the Real Property and to confirm that

9    certain purported interest holders, including the Debtor, have no interest in the Property.  A true

10   and correct copy of the Stay Relief Motion is attached to the RJN as Exhibit "2" and is

11   incorporated herein by this reference.

12       By order entered on February 8, 2010, after hearing arguments of counsel, including the

13   appearance of the Trustee, at which time he testified that upon his investigation, there was no

14   equity in the Real Property available for the benefit of the estate, and the opposition of other

15   creditors, this Court granted the Stay Relief Motion and authorized the Secured Creditors to

16   pursue the State Court Action ("Stay Relief Order").  A true and correct copy of the Stay Relief

17   Order is attached to the RJN as Exhibit "3" and is incorporated herein by this reference.  Further,

18   a true and correct copy of the PACER docket of the Debtor's case is attached to the RJN as

19   Exhibit "4" and is incorporated herein by this reference.

20       In lieu of the Secured Creditors' pursuit of the State Court Action, the Debtor seeks

21   approval of this Motion so that, upon the Trustee's abandonment of the Real Property, he may

22   transfer any and all of his interest in the Real Property to Rebecca, thereby removing himself as a

23   defendant in any prospective State Court Action or related litigation.  To that end, and by way of

24   illustration only, the Debtor has executed, *but not recorded*, two grant deeds transferring his

25   interest in the Real Property (collectively, the "Grant Deeds"), true and correct copies of which

DEBTOR'S NOTICE OF MOTION AND MOTION TO COMPEL THE TRUSTEE TO ABANDON REAL PROPERTY OF THE ESTATE - 4
In re Richards, Rob
2:09-bk-40964-ER

008

1  are attached to the Declaration of Rob Richards as Exhibits "5" and "6" and are incorporated

2  herein by this reference.

3                                    **II.**

4                                 **ARGUMENT**

5       11 U.S.C. Section 554(b) provides:

6       (b)      On request of a party in interest and after notice and a hearing, the court may

7  order the              trustee to abandon any property of the estate that is burdensome to the

8  estate or that is of inconsequential value and benefit to the estate.

9       Pursuant to Fed. R Bank. P. 6007(a) and (b) and Local Bankruptcy Rule 6007 and 9075-

10  1(a), the Debtor has given notice of this Motion to the Trustee, the U.S. Trustee and all creditors

11  and .

12      The Stay Relief Order authorized the Secured Creditors to pursue the State Court Action

13  only; it did not authorize the Secured Creditors to pursue all state law remedies, including, for

14  example, foreclosure. The 9th Circuit has held that the granting of relief from stay does not

15  constitute an abandonment of the property even if it is include in the relief order if the

16  requirements for notice and hearing under Section 554 are not satisfied. *Catalano v. C.I.R.*, 279

17  F. 3d 682, (9th Cir. 2002).

18      As a result of the Stay Relief Order, and the Trustee's lack of administration of the Real

19  Property, it is indisputable that the Real Property lacks equity and value for the benefit of the

20  estate and that no value will ever be obtained for unsecured creditors of the Debtor's estate upon

21  their liquidation.  Further, relief pursuant to this Motion will allow the Debtor to record the Grant

22  Deeds and relieve himself of the obligation to mount a defense to the prospective State Court

23  Action as a defendant therein (which Action has not yet been commenced).  Accordingly, this

24  Motion should be granted to allow the Debtor to cause to be recorded the Grant Deeds and

25  obviate the Secured Creditors' need to pursue the State Court Action against him.

DEBTOR'S NOTICE OF MOTION AND MOTION TO COMPEL THE TRUSTEE TO ABANDON REAL PROPERTY OF THE ESTATE - 5
In re Richards, Rob
2:09-bk-40964-ER

009

1

## IV.

2

## CONCLUSION

3      Based upon the foregoing, the Debtor respectfully requests that the Motion be granted

4   and that the Court authorize the Trustee to abandon the Real Property as property of the estate.

5   The Debtor further requests all other appropriate relief.

6

7   Dated:  April  1 , 2010                    SHAGHZO & SHAGHZO LAW FIRM, APC

8

9                                     By:
10                                          ARMEN SHAGHZO
                                            Attorneys for Debtor
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DEBTOR'S NOTICE OF MOTION AND MOTION TO COMPEL THE TRUSTEE TO ABANDON REAL PROPERTY OF THE ESTATE - 6
In re Richards, Rob
2:09-bk-40964-ER

010

## DECLARATION OF ROB RICHARDS

I, Rob Richards, declare:

1.    I am the Chapter 7 debtor herein.  I know the following facts of my own personal knowledge and if called as a witness to these proceedings, I could and would competently testify thereto.

2.    This declaration is made in support of the Motion to Compel the Chapter 7 Trustee to abandon to me, as of the date of the entry of an order approving this Motion, the following real properties of the estate:  (a) 2100 Vine Street, Los Angeles, California 90068; and (b) 2110 Alcyona Drive, Los Angeles, California 90068 (collectively, the "Real Property").

3.    I make this Motion on the grounds that the Real Property is burdensome to the estate and has inconsequential value and benefit to the estate.

4.    I commenced my voluntary Chapter 7 petition under Title 11 of the U.S. Bankruptcy Code November 6, 2009.

5.    I claim no legal or equitable interest in the Real Property, nor am I in possession of the Real Property.  Additionally, I do not claim the Real Property as exempt.

6.    I believe that the Real Property is burdensome to the estate and has inconsequential value and benefit to the estate.

7.    I am informed and believe that Hollywood Dell First Mortgage Investors, LP, and Carl E. Lindros, Trustee of The Lindros Family Revocable Trust U/A 12/1782 (collectively, the "Secured Creditors") obtained relief from stay to commence the filing of an action against me and others for quiet title concerning the Real Property ("State Court Action"), based upon issues that arose as a result of various transfers of the Real Property by me and my spouse, Rebecca L. Richards ("Rebecca"), and subsequent liens recorded against the Real Property.

8.    I am informed and believe that there is no equity in the Real Property available for the benefit of creditors of my bankruptcy estate.

011

9.    In lieu of the Secured Creditors' pursuit of the State Court Action against me. I seek approval of this Motion so that, upon the Trustee's abandonment of the Real Property, I may transfer any and all of my interest in the Real Property to Rebecca, thereby removing myself as a defendant in any prospective State Court Action or related litigation.

10.    To that end, and by way of illustration only, I have executed and had notarized, *but did not record*, two grant deeds transferring any and all of my interest in the Real Property (collectively, the "Grant Deeds"), true and correct copies of which are attached hereto as Exhibits "5" and "6" and are incorporated herein by this reference.

11.    Based upon the foregoing, and upon notice to the Chapter 7 Trustee, U.S. Trustee and all creditors, I respectfully request this Court to grant the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of April, 2010 at Glendale, California.

ROB RICHARDS

012

012

# Exhibit "5"

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO

NAME    Levinson Arshonsky & Kurtz LLP
           Attn: Elan Levey, Esq.
ADDRESS   15303 Ventura Blvd,
           Suite 1650
CITY      Sherman Oaks

STATE & ZIP   California, 91403

711-152

# GRANT DEED

TITLE ORDER NO.       ESCROW NO.        APN NO.   5586-001-009

THE UNDERSIGNED GRANTOR(s) DECLARE(s)      *This conveyance establishes sole and separate property
     DOCUMENTARY TRANSFER TAX is   $ -0-      of a spouse, R & T 11911.
          CITY TAX     $
     computed on full value of property conveyed, or   computed on full value less value of liens or encumbrances remaining at time of sale,
     Unincorporated area:    * City of Los Angeles, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Rob Richards aka Robert Frank Letherer aka Robert Richards**

hereby GRANT(s) to

**Rebecca L. Richards, a married woman, as her sole and separate property**

the real property in the City of Los Angeles, County of Los Angeles, State of California, as described as:

**More particularly described on Exhibit "A" attached hereto and made a part hereof.**

Dated: March 20, 2010

                       *Rob Richards*
                       Rob Richards, aka Robert Frank Letherer
                       aka Robert Richards

STATE OF ~~CALIFORNIA~~ Florida }
                    } ss
COUNTY OF Mannsee }

On 3/20/10 , before me, Michael L Ashley , a Notary Public,
                   (Insert Name of Notary Public)
personally appeared Rob Richards , who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s)
on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
                       Florida
I certify under PENALTY OF PERJURY under the laws of the State of ~~California~~ that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

*Michael L Ashley*      (SEAL)
(Signature of Notary Public)

                 NOTARY PUBLIC-STATE OF FLORIDA
                 Michael L. Ashley
                 Commission # DD546795
                 Expires: JUNE 12, 2010
                 Bonded Thru Atlantic Bonding Co., Inc.

Mail tax Statement to: Rebecca Richards c/o Jonathan L. Nielsen, Esq. 14724 Ventura Blvd. PH, Sherman Oaks, CA 91403

014

## EXHIBIT "A"

### Legal Description

THAT CERTAIN REAL PROPERTY LOCATED IN THE CITY OF LOS ANGELES,
COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, MORE PARTICULARLY
DESCRIBED AS:

PARCEL 1:
LOT 2 OF TRACT 5744, IN THE CITY OF LOS ANGELES, STATE OF CALIFORNIA, AS
PER MAP RECORDED IN BOOK 94 PAGE 6 OF MAPS, IN THE OFFICE OF THE
COUNTY RECORDER OF SAID COUNTY.

PARCEL 2:
THAT PORTION OF LOT 15 OF TRACT 5917 IN THE CITY OF LOS ANGELES, COUNTY
OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 66
PAGE 67 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY,
DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHWESTERLY CORNER OF SAID LOT 15; THENCE NORTH
0 DEGREES 12 MINUTES 03 SECONDS WEST 84.58 FEET TO THE NORTHWESTERLY
CORNER OF SAID LOT 15; THENCE SOUTH 36 DEGREES 23 MINUTES 04 SECONDS
EAST 21.95 FEET TO POINT; THENCE SOUTH 10 DEGREES 45 MINUTES 47 SECONDS
WEST 58.01 FEET TO THE POINT OF BEGINNING.

APN: 5586-001-009

# Exhibit "6"

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO

| | |
|---|---|
| NAME | Levinson Arshonsky & Kurtz LLP |
| | Attn: Elan Levey, Esq. |
| ADDRESS | 15303 Ventura Blvd. |
| | Suite 1650 |
| CITY | Sherman Oaks |
| STATE & ZIP | California, 91403 |

711-152

# GRANT DEED

| TITLE ORDER NO. | ESCROW NO. | APN NO. | 5586-005-027; 5586-005-028 |
|---|---|---|---|

THE UNDERSIGNED GRANTOR(s) DECLARE(s)
DOCUMENTARY TRANSFER TAX is   $ -0-
                                              CITY TAX           $
    computed on full value of property conveyed, or ‾ computed on full value less value of liens or encumbrances remaining at time of sale.
    Unincorporated area: ‾ City of Los Angeles, and

*This conveyance establishes sole and separate property of a spouse, R & T 11911.

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Rob Richards aka Robert Frank Letherer aka Robert Richards**

hereby GRANT(s) to

**Rebecca L. Richards, a married woman, as her sole and separate property**

the real property in the City of Los Angeles, County of Los Angeles, State of California, as described as:

**More particularly described on Exhibit "A" attached hereto and made a part hereof.**

Dated: March 23, 2010

*Rob Richards*

Rob Richards, aka Robert Frank Letherer
aka Robert Richards

STATE OF CALIFORNIA         }
                                              } SS
COUNTY OF Los Angeles     }

On 3/23/2010, before me, Julia M. Azuma, a Notary Public,
(Insert Name of Notary Public)
personally appeared Rob Richards, who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s)
on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

*J.M. Azuma*          (SEAL)
(Signature of Notary Public)

> JULIA M. AZUMA
> Commission # 1786782
> Notary Public - California
> Los Angeles County
> My Comm. Expires Jan 20, 2012

Mail tax Statement to: Rebecca Richards c/o Jonathan L. Nielsen, Esq. 14724 Ventura Blvd. PH, Sherman Oaks, CA 91403

017

## EXHIBIT "A"

### Legal Description

THAT CERTAIN REAL PROPERTY LOCATED IN THE CITY OF LOS ANGELES,
COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, MORE PARTICULARLY
DESCRIBED AS:
LOT 18 AND THE NORTH 50 FEET OF LOT 17, I.M. ROUERT'S TRACT IN THE CITY OF
LOS ANGELES, AS PER MAP RECORDED IN BOOK 8, PAGE 66 OF MAPS, IN THE
OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 5586-005-027, 5586-005-028

Parcel A

018

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rules of Evidence, Rule 201(d), the Debtor hereby requests the Court to take judicial notice of the following document(s):

1.  A true and correct copy of the Debtor's Bankruptcy Schedules "A" and "C" are attached hereto collectively as Exhibit "1" and are incorporated herein by this reference.

2.  A true and correct copy of Hollywood Dell First Mortgage Investors, LP, and Carl E. Lindros, Trustee of The Lindros Family Revocable Trust U/A 12/1782's Notice of Motion and Motion for Relief from Automatic Stay (Action in Non-Bankruptcy Forum) ("Stay Relief Motion") is attached hereto as Exhibit "2" and incorporated herein by this reference as though set forth in full.  *See* Docket No. 20.

3.  A true and correct copy of the Order granting the Stay Relief Motion, entered on February 8, 2010, is attached hereto as Exhibit "3" and is incorporated herein by this reference. *See* Docket No. 27.

4.  A true and correct copy of the Debtor's case docket reflected on PACER is attached hereto as Exhibit "4" and incorporated herein by this reference as though set forth in full.

Dated:    April 1, 2010                          SHAGHZO & SHAGHZO LAW FIRM, APC

By:  */s/  Armen Shaghzo*
ARMEN SHAGHZO
Attorneys for Debtor

DEBTOR'S NOTICE OF MOTION AND MOTION TO COMPEL THE TRUSTEE TO ABANDON REAL PROPERTY OF THE ESTATE - 9
In re Richards, Rob
2:09-bk-40964-ER

019

# Exhibit "1"

020

B6A (Official Form 6A) (12/07)

In re    **Rob Richards**                                      Case No.    **2:09-bk-40964**
_____                              _____
                        Debtor

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| 2110 Alcyona Dr., Los Angeles, CA 90068 | Debtor not on title/has no interest | - | 1,200,000.00 | 2,200,000.00 |
| The Vines (2 vacant parcels) 2100 N. Vine Los Angeles, CA 90068 | Debtor on Title in error. Debtor not in possession. | - | 1,050,000.00 | 2,300,000.00 |
| 2103 Alcyona Dr. Los Angeles, CA 90068 | Debtor not on title/ has no interest in property | - | 1,200,000.00 | 2,100,000.00 |

|  |  |  |
|---|---|---|
| Sub-Total > | 3,450,000.00 | (Total of this page) |
| Total > | 3,450,000.00 |  |
|  | (Report also on Summary of Schedules) |  |

  __0__   continuation sheets attached to the Schedule of Real Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

EXHIBIT 1

17

021

Case 2:09-bk-40964-ER    Doc 35    Filed 04/02/10    Entered 04/02/10 14:03:00    Desc
Main Document    Page 22 of 63

Case 2:09-bk-40964-ER    Doc 20    Filed 01/11/10    Entered 01/11/10 15:07:19    Desc
Main Document    Page 26 of 60

Case 2:09-bk-40964-ER    Doc 14    Filed 12/09/09    Entered 12/09/09 11:38:48    Desc
Main Document    Page 5 of 11

B6C (Official Form 6C) (12/07)

In re    Rob Richards                                          Case No.    2:09-bk-40964

                              Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED

Debtor claims the exemptions to which debtor is entitled under:        ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                     $136,875.
☐ 11 U.S.C. §522(b)(2)
☑ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Partners Federal Credit Checking/Savings Account #:1128 | C.C.P. § 703.140(b)(5) | 25.00 | 25.00 |
| **Household Goods and Furnishings** | | | |
| Furniture, Laptop, Desktop, Scanner, Printer, Surround Speakers, Flat Screen TV | C.C.P. § 703.140(b)(3) | 5,000.00 | 5,000.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| Books, Animation Art, DVDs, CDs, Figurines, Autographed Photos, | C.C.P. § 703.140(b)(5) | 5,700.00 | 5,700.00 |
| **Wearing Apparel** | | | |
| Personal Clothing | C.C.P. § 703.140(b)(3) | 500.00 | 500.00 |
| **Furs and Jewelry** | | | |
| Rings, Watches, Chains | C.C.P. § 703.140(b)(4) | 1,350.00 | 3,000.00 |
| | C.C.P. § 703.140(b)(5) | 1,650.00 | |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| Music Gear, Cassete Players, Art pieces, Books, Sheet Music, Figurines | C.C.P. § 703.140(b)(5) | 4,000.00 | 4,000.00 |
| **Other Contingent and Unliquidated Claims of Every Nature** | | | |
| Richards v. Fatco LASC Case No.:423645 Error committed by title company in not timely preparing and filing quitclaim deed. Claim amount estimated. | C.C.P. § 703.140(b)(5) | 0.00 | 100,000.00 |
| Chris Campbell (Possible Malpractice) Potential suit against attorney in handling of matter in Ullman v. Richards pending. Suit not filed/claim not made.  Estimated damages. | C.C.P. § 703.140(b)(5) | 0.00 | 600,000.00 |
| Mark Geragos (Possible Malpractice) Potential suit against attorney in handling of matter in Ullman v. Richards pending. Suit not filed/claim not made.  Estimated damages. | C.C.P. § 703.140(b)(5) | 0.00 | 600,000.00 |
| Richards v. Richards Potential Dissolution in near future | C.C.P. § 703.140(b)(5) | 0.00 | 0.00 |
| **Patents, Copyrights and Other Intellectual Property** | | | |
| Copyrights (2) "Songs in the Key of Love" "ROBI" | C.C.P. § 703.140(b)(5) | 200.00 | 200.00 |
| Domain Names (8) | C.C.P. § 703.140(b)(5) | 400.00 | 400.00 |

  1  continuation sheets attached to Schedule of Property Claimed as Exempt

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037        Best Case Bankruptcy

EXHIBIT 1
18

022

Case 2:09-bk-40964-ER    Doc 20    Filed 01/11/10    Entered 01/11/10 15:07:19    Desc
Main Document       Page 27 of 60
Case 2:09-bk-40964-ER    Doc 14    Filed 12/09/09    Entered 12/09/09 11:38:48    Desc
Main Document       Page 6 of 11

B6C (Official Form 6C) (12/07) -- Cont.

In re   **Rob Richards**                                          Case No.    **2:09-bk-40964**
_____
                        Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED
### (Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| 2004 Acura MDX | C.C.P. § 703.140(b)(2) | 0.00 | 12,000.00 |
| Plate #: 5HRG824 | | | |
| **Office Equipment, Furnishings and Supplies** | | | |
| Laptop, Desktop, Scanner, Printer, Soundsticks, | C.C.P. § 703.140(b)(5) | 3,800.00 | 3,800.00 |
| Harddrives, DVD Players, Softwares, Projection | | | |
| TVs | | | |
| **Machinery, Fixtures, Equipment and Supplies Used in Business** | | | |
| Grand Piano, Keyboards, Organ Pipes, | C.C.P. § 703.140(b)(5) | 6,050.00 | 9,500.00 |
| Speakers | C.C.P. § 703.140(b)(6) | 2,075.00 | |

|  | Total: | 30,750.00 | 1,344,125.00 |
|---|---|---|---|

Sheet  **1**  of  **1**  continuation sheets attached to the Schedule of Property Claimed as Exempt

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                  Best Case Bankruptcy

EXHIBIT 1
19

023

# Exhibit "2"

024

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Richard I. Arshonsky [SBN 155624]<br>Elan S. Levey [SBN 174843]<br>LEVINSON ARSHONSKY & KURTZ, LLP<br>15303 Ventura Boulevard<br>Suite 1650<br>Sherman Oaks, California 91403<br>Phone: (818) 382-3434<br>Fax:   (818) 382-3433<br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Creditors Hollywood Dell First Mortgage Investors, LP and Carl E.<br>Lindros, Trustee of the Lindros Family Revocable Trust U/A 12/1782 | |

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

| In re: ROB RICHARDS aka ROBERT FRANK LETHERER aka ROBERT RICHARDS<br><br>Debtor(s). | CHAPTER: 7<br><br>CASE NO.: 2:09-bk-40964-ER<br><br>DATE:   February 1, 2010<br>TIME:   10:00 a.m.<br>CTRM:   1568<br>FLOOR:  15th |
|---|---|

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### UNDER 11 U.S.C. § 362 (with supporting declarations)
(MOVANT: Hollywood Dell First Mortgage Investors, LP and Carl E. Lindros, Trustee of the Lindros Family
Revocable Trust U/A 12/1782)
(Action in Non-bankruptcy Forum)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. Hearing Location:  ☒ 255 East Temple Street, Los Angeles    ☐ 411 West Fourth Street, Santa Ana

   ☐ 21041 Burbank Boulevard, Woodland Hills    ☐ 1415 State Street, Santa Barbara

   ☐ 3420 Twelfth Street, Riverside

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and must appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:

   ☐ at the hearing    ☐ at least _____ court days before the hearing.

   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court.

   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time, and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009

**F 4001-1M.NA**
F4001MNA

025

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 2 of 8*___    **F 4001-1M.NA**

| In re                              (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| ROB RICHARDS aka ROBERT FRANK LETHERER aka ROBERT RICHARDS | |
| Debtor(s). | CASE NO.: 2:09-bk-40964-ER |

5.  If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your
    right to oppose the Motion and may grant the requested relief.

Dated: January 11, 2010

LEVINSON ARSHONSKY & KURTZ, LLP
*Print Law Firm Name (if applicable)*

ELAN S. LEVEY                                              /s/  Elan S. Levey
*Print Name of Individual Movant or Attorney for Movant*    *Signature of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009                                    **F 4001-1M.NA**

026

Case 2:09-bk-40964-ER    Doc 35    Filed 04/02/10    Entered 04/02/10 14:03:00    Desc
Case 2:09-bk-40964-ER    Doc 20    Filed 01/11/10    Entered 01/11/10 15:07:19    Desc    Main Document    Page 27 of 63
Main Document    Page 3 of 60
Motion for Relief from Stay (Non-bankruptcy Action) - *Page 3 of 8*    **F 4001-1M.NA**

| In re          (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| ROB RICHARDS aka ROBERT FRANK LETHERER aka ROBERT RICHARDS | |
| Debtor(s). | CASE NO.: 2:09-bk-40964-ER |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### (MOVANT: Hollywood Dell First Mortgage Investors, LP and Carl E. Lindros, Trustee of the Lindros Family Revocable Trust U/A 12/1782

1. **The Non-bankruptcy Action:** Movant moves for relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate with respect to the following pending lawsuit or administrative proceeding (the "Non-bankruptcy Action") in a non-bankruptcy forum:

   Case name:
   Docket number:
   Court or agency where pending:

2. **Case History:**
   a. [X] A voluntary  [ ] An involuntary  petition under Chapter  [X] 7 [ ] 11 [ ] 12 [ ] 13
      was filed on *(specify date):* 11/06/2009; Amended voluntary petition filed on 12/01/09
   b. [ ] An Order of Conversion to Chapter  [ ] 7 [ ] 11 [ ] 12 [ ] 13
      was entered on *(specify date):*
   c. [ ] Plan was confirmed on *(specify date):*
   d. [ ] Other bankruptcy cases affecting this action have been pending within the past two years.  See attached Declarations.
   e. For additional case history, see attached continuation page.

3. **Grounds for Relief from Stay:**  Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Non-bankruptcy Action to final judgment in the non-bankruptcy forum for the following reasons:
   a. [ ] The bankruptcy case was filed in bad faith specifically to delay, hinder or interfere with prosecution of the Non-bankruptcy Action.
   b. [ ] The claim is insured.  Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor(s) or estate property.
   c. [X] Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
   d. [X] Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
   e. [ ] The claims are non-dischargeable in nature and can be most expeditiously resolved in the non-bankruptcy forum.
   f. [X] The claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum.
   g. X. Other reasons to allow the Non-bankruptcy Action to proceed are set forth in an attached Declaration.

4. [ ] Movant also seeks annulment of the stay so that filing of the bankruptcy petition does not affect any and all of the enforcement actions that were taken after the filing of the bankruptcy petition in this case, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:**  *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*
   a. [X] Movant submits the attached Declaration(s) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.
   b. [X] Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims set forth in Debtor's(s') Schedules.  Authenticated copies of the relevant portions of the Schedules are attached as Exhibit 1, to Request for Judicial Notice.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009                                                           **F 4001-1M.NA**

027

Motion for Relief from Stay (Non-bankruptcy Action) - Page 4 of 8       **F 4001-1M.NA**

| | |
|---|---|
| In re            (SHORT TITLE)<br>ROB RICHARDS aka ROBERT FRANK LETHERER aka ROBERT RICHARDS<br><br>                                                          Debtor(s). | CHAPTER: 7<br><br>CASE NO.: 2:09-bk-40964-ER |

c.  [X]  Other evidence *(specify)*: Exhibits in support of Memorandum of Points & Authorities

6.  [X]  An optional Memorandum of Points and Authorities is attached to this Motion.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

1.  Relief from the stay to Movant (and its successors and assigns, if any) *(check boxes re all applicable relief requested)*:

   a.  [ ]  Terminating the stay as to Debtor(s) and Debtor's(s') bankruptcy estate.

   b.  [ ]  Annulling the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached
         Declaration(s).

   c.  [X]  Modifying or conditioning the stay as set forth in the attached continuation page:

2.  Allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to proceed to final judgment in the non-
    bankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against Debtor(s) or estate
    property.

3.  [X]  Additional provisions requested:

   a.  [X]  That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of
         Title 11 of the United States Code.

   b.  [X]  That the 10-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

   c.  [ ]  That the Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

   d.  [ ]  For other relief requested, see attached continuation page.

4.  If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: January 10, 2010                         Respectfully submitted,

                                        Hollywood Dell First Mortgage Investors, LP and Carl E. Lindros, Trustee of the
                                        *Movant Name*  Lindros Family Revocable Trust U/A 12/17/82

                                        LEVINSON ARSHONSKY & KURTZ, LLP
                                        *Firm Name of Attorney for Movant (if applicable)*


                                        By:  /s/  Elan S. Levey
                                             *Signature*


                                        Name: ELAN S. LEVEY
                                             *Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                        **F 4001-1M.NA**

028

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 5 of 8*    **F 4001-1M.NA**

| In re        (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| ROB RICHARDS aka ROBERT FRANK LETHERER aka ROBERT RICHARDS        Debtor(s). | CASE NO.: 2:09-bk-40964-ER |

## DECLARATION RE ACTION IN NON-BANKRUPTCY FORUM
### (MOVANT: Hollywood Dell First Mortgage Investors, LP and Carl E. Lindros, Trustee of the Lindros Family Revocable Trust U/A 12/1782 )

I, Elan S. Levey _____ , declare as follows:
       *(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding the state court lawsuit, administrative proceeding, or other action in a non-bankruptcy forum ("Non-bankruptcy Action") that is the subject of this Motion because:

    a. [ ☐ ] I am the Movant.

    b. [ X ] I am the Movant's attorney of record in the Non-bankruptcy Action.

    c. [ ☐ ] I am employed by the Movant as *(state title and capacity):*

    d. [ ☐ ] Other *(specify):*

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Non-bankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. The Non-bankruptcy Action at issue is currently pending as:

    Case name:

    Docket number:

    Court or agency where pending:

4. **Procedural Status:**

    a. The causes of action pleaded in the non-bankruptcy forum are *(list):*

    The causes of action to be pled in the prospective action include quiet title, declaratory relief and other injunctive relief.

    True and correct copies of the pleadings filed before the non-bankruptcy forum are attached hereto as Exhibit_____.

    b. The Non-bankruptcy Action was filed on *(specify date):*

    c. Trial or hearing began/is scheduled to begin on *(specify date):*

    d. The trial or hearing is estimated to require the following number of court days *(specify):*

    e. Other defendants to the Non-bankruptcy Action are *(specify):*

5. **Grounds for relief from stay:**

    a. The claim is insured. The insurance carrier and policy number are *(specify):*

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 4001-1M.NA**

029

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 6 of 8*    **F 4001-1M.NA**

| In re<br>ROB RICHARDS aka ROBERT FRANK LETHERER aka ROBERT RICHARDS<br>(SHORT TITLE)<br>Debtor(s). | CHAPTER: 7<br>CASE NO.: 2:09-bk-40964-ER |
|---|---|

b. [X] The matter can be tried more expeditiously in the non-bankruptcy forum.

    (1) [ ] It is currently set for trial on:

    (2) [ ] It is in advanced stages of discovery and Movant believes that it will be set for trial by *(specify date)*:
        The basis for this belief is *(specify)*:

    (3) [X] The matter involves non-debtor parties who are not subject to suit in the bankruptcy court. A single trial in the non-bankruptcy forum is the most efficient use of judicial resources.

c. [ ] The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Non-bankruptcy Action.

    (1) [ ] Movant is the only creditor (or the only substantial creditor) scheduled by the Debtor(s).

    (2) [ ] The timing of the petition filing shows that it was intended to delay or interfere with the Non-bankruptcy Action based upon the following facts *(specify)*:

    (3) [ ] Debtor(s) does(do) not have a reasonable likelihood of reorganizing in this Chapter [ ] 11 [ ] 13 bankruptcy case based upon the following facts *(specify)*:

d. [ ] For other facts justifying relief from stay, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on** January __11__ , 2010 , at Sherman Oaks, California _____ *(city, state)*.

Elan S. Levey _____
*Print Declarant's Name*

/s/ Elan S. Levey _____
*Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 4001-1M.NA**

030

**F 4001-1M.NA**

| In re                         (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| ROB RICHARDS aka ROBERT FRANK LETHERER aka ROBERT RICHARDS | |
| Debtor(s). | CASE NO.: 2:09-bk-40964-ER |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
15303 Ventura Blvd., Suite 1650, Sherman Oaks, CA 91403.

A true and correct copy of the foregoing document described as  <u>Notice of Motion and Motion for Relief from the Automatic S</u>
<u>Under 11 U.S. C. § 362 (with supporting declarations) , etc.</u>                    will be served or was served **(a)** on the judge
in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to
the document. On January 11, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary
proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at
the email addressed indicated below: John J Menchaca   ca87@ecfcbis.com; jgaeta@menchacacpa.com
     Armen Shaghzo   as@shaghzolaw.com
     Elan S. Levey   elevey@laklawyers.com
     United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov
       ☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On  January 11, 2010  I served the following person(s) and/or entity(ies) at the last known address(es) in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States
Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes
a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

<u>Judge's Copy via U.S. Mail</u>

Honorable Ernest Robles

United States Bankruptcy Court - Crtrm 1568

225 E. Temple Street, Los Angeles, CA 90012
       ☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity**
**served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s)
and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission
and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later
than 24 hours after the document is filed.


       ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 11, 2010 | Linda Greenstein | /s/ Linda Greenstein |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                              **F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 8 of 8*    **F 4001-1M.NA**

| In re                                              (SHORT TITLE) | CHAPTER: 7 |
| ROB RICHARDS aka ROBERT FRANK LETHERER aka ROBERT RICHARDS | |
| Debtor(s). | CASE NO.: 2:09-bk-40964-ER |

**ADDITIONAL SERVICE INFORMATION** (if needed):

Creditors -- via U.S. Mail

Capital One Bank
P.O. Box 60024
City Of Industry, CA 91716-0024

Chase First Premier Bank
Care Member Services
P.O. Box 15548
Wilmington, DE 19886-5548

First Premier Bank
601 S. Minnesota Ave
Sioux Falls, SD 57104-4868

Jeffrey Ullman
c/o Leonard Dicker & Schreiber
9430 W Olympic Blvd #400
Beverly Hills, CA 90212-4519

Juniper Card Services
P.O. Box 13337
Philadelphia, PA 19101-3337

Alan Lewis, DDS
16055 Ventura Blvd., #815
Encino, CA 91436-2610

Law Offices of Mann Bracken, LLP
28632 Roadside Dr., Suite 265
Agoura Hills, CA 91301-6300

Rob Richards
1823 Outpost Dr.
Los Angeles, CA 90068-3721

Sean Macias, Esq
302 W. Colorado Blvd
Pasadena, CA 91105-1824

Creditors -- via U.S. Mail (cont.)

Time Warner Cable
60 Columbus Circle
New York, NY 10023-5802

Walker Technical Company
6610 Crown Lane
Zionsville, PA 18092-2324

Interested Party -- via U.S. Mail

Victor G. Zilinskas, Esq.
15 West Carrillo Street, Suite 101-F
Santa Barbara, CA 93101

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 4001-1M.NA**

032

1  Richard I. Arshonsky, Esq. [SBN 155624]
   Elan S. Levey, Esq. [SBN 174843]
2  **LEVINSON ARSHONSKY & KURTZ, LLP**
   15303 Ventura Boulevard, Suite 1650
3  Sherman Oaks, California 91403
   Telephone:    (818) 382-3434
4  Facsimile:    (818) 382-3433

5  Attorneys for Secured Creditors,
   Hollywood Dell First Mortgage Investors, LP
6  and Carl E. Lindros, Trustee of The Lindros Family Revocable Trust
   U/A 12/1782
7

8                  UNITED STATES BANKRUPTCY COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                     LOS ANGELES DIVISION

11  In re:                              CASE NO. 2:09-bk-40964-ER

12  ROB RICHARDS aka ROBERT FRANK        Chapter 7
    LETHERER aka ROBERT RICHARDS,
13                                       **HOLLYWOOD DELL FIRST**
14              Debtor.                  **MORTGAGE INVESTORS, LP AND**
                                         **CARL E. LINDROS, TRUSTEE OF**
15                                       **THE LINDROS FAMILY**
                                         **REVOCABLE TRUST U/A 12/1782'S**
16                                       **MEMORANDUM OF POINTS AND**
                                         **AUTHORITIES IN SUPPORT OF**
17                                       **MOTION FOR RELIEF FROM THE**
                                         **AUTOMATIC STAY UNDER 11 U.S.C.**
18                                       **§ 362 (ACTION IN NON-**
                                         **BANKRUPTCY FORUM);**
19                                       **DECLARATION OF ELAN S. LEVEY**
                                         **AND REQUEST FOR JUDICIAL**
                                         **NOTICE IN SUPPORT THEREOF**
20
21                                       [Notice of Motion and Motion for Relief
                                         from the Automatic Stay Under 11 U.S.C.
22                                       § 362 and Declaration of Elan S. Levey
                                         Filed and Served Concurrently Herewith]
23
                                         **Date:**    February 1, 2010
24                                       **Time:**    10:00 a.m.
                                         **Place:**   Courtroom 1568
25                                                    255 E. Temple Street
                                                      Los Angeles, California
26
27
28  ///

711-152/71842                           1

## I.

### PRELIMINARY STATEMENT

1  

2  

3     Hollywood Dell First Mortgage Investors, LP ("Hollywood") and Carl E. Lindros, Trustee of

4 the Lindros Family Revocable Trust U/A 12/1782 ("Lindros Trust") (collectively, the "Secured

5 Creditors") move to lift the automatic stay, pursuant to 11 U.S.C. § 362(d), in order to *commence* the

6 filing of an action against Rob Richards, the debtor herein (the "Debtor"), and other non-debtor

7 defendants, in the Los Angeles County Superior Court (the "State Court Action").

8     More specifically, the Secured Creditors seek relief in order to pursue an action for quiet title

9 (the "Complaint") concerning two parcels of residential real property commonly known as 2100 Vine

10 Street, Los Angeles, California 90068 ("Parcel A") and 2110 Alcyona Drive, Los Angeles, California

11 90068 ("Parcel B"). Parcel A and Parcel B shall be collectively referred to hereinafter as the

12 "Property."

13     Simply put, the Complaint will be premised upon issues that arose as a result of various

14 transfers of the Property by the Debtor and his spouse, Rebecca L. Richards ("Rebecca"), and

15 subsequent liens recorded against the Property. Essentially, the prospective State Court Action will

16 seeks to judicially clarify and quiet title to any adverse claim rights, titles, estates, liens, or interests in

17 the Property and to confirm that certain purported interest holders, including the Debtor, have no

18 interest in the Property, as described in more detail below.

19     In his Bankruptcy Schedules "A" and "D," the Debtor lists the Secured Creditors' secured lien

20 claims *but specifically disclaims any interest* in either Parcel A or Parcel B, nor does the Debtor claim

21 the Property exempt in Schedule "C." A true and correct copy of the Debtor's Schedules "A," "C" and

22 "D", as amended if applicable, are attached to the Request for Judicial Notice ("RJN") collectively as

23 Exhibit "1" and are incorporated herein by this reference.

24     With the filing of this Motion, the Secured Creditors understand that the commencement of the

25 State Court Action is subject to the automatic stay pursuant to 11 U.S.C. § 362(d). Accordingly, the

26 Secured Creditors request relief from stay so that they may resolve the title dispute as to the Property

27 and respectfully submit that cause exists to lift the stay in order to do so.

28 ///

LEVINSON ARSHONSKY & KURTZ, LLP

034

## II.

## STATEMENT OF FACTS

**A.**   **BACKGROUND OF EVENTS LEADING TO THE QUIET TITLE ISSUE**

   **1.**   **The Debtor's Bankruptcy Case**

On November 6, 2009, the Debtor commenced his voluntary Chapter 7 petition under Title 11 of the U.S. Bankruptcy Code (the "Petition Date"). John J. Menchaca serves as the duly appointed Chapter 7 Trustee (the "Trustee").

The Debtor's Bankruptcy Schedules reflect that the Debtor claims no legal or equitable interest in the Property, nor is the Debtor in possession of the Property. Additionally, Debtor's Schedule "C" does not list the Property as exempt. See RJN, Exhibit "1".

   **2.**   **Pre-Petition Events Leading to the Subject Title Dispute Concerning the Property**

The following description sets forth in detail the various transfers of the Property by and between the Debtor and Rebecca as well as third parties, and the encumbrances against the Property.

On or about May 9, 2007, a Grant Deed was recorded as Instrument No. 20071123435 in the Official Records of the Los Angeles County Recorder's Office, pursuant to which Rebecca and the Debtor acquired title to Parcel A. A true and correct *certified* copy of the Grant Deed is attached to the "RJN" as Exhibit "2" and is incorporated herein by this reference.

On or about May 9, 2007, a Grant Deed was recorded as Instrument No. 20071110568 in the Official Records of the Los Angeles County Recorder's Office, pursuant to which Rebecca and the Debtor acquired title to Parcel B. A true and correct *certified* copy of the Grant Deed is attached to the "RJN" as Exhibit "3" and is incorporated herein by this reference.

On or about August 6, 2007, a Grant Deed was recorded as Instrument No. 20071849897 in the Official Records of the Los Angeles County Recorder's Office, pursuant to which Rebecca and the Debtor transferred a ½ tenant in common interest in the Property to Jeffrey C. Ullman ("Ullman"). A true and correct *certified* copy of the Grant Deed is attached to the "RJN" as Exhibit "4" and is incorporated herein by this reference.

On or about September 19, 2007, a Quitclaim Deed was recorded as Instrument No. 20072161512 in the Official Records of the Los Angeles County Recorder's Office, pursuant to

035

which Ullman transferred his interest in the Property to Rebecca. A true and correct *certified* copy of the Quitclaim Deed is attached to the "RJN" as Exhibit "5" and is incorporated herein by this reference.

On or about September 19, 2007, a Grant Deed was recorded as Instrument No. 20072161513 in the Official Records of the Los Angeles County Recorder's Office, pursuant to which Ullman transferred his interest in the Property to Rebecca. A true and correct *certified* copy of the Grant Deed is attached to the "RJN" as Exhibit "6" and is incorporated herein by this reference.

On or about November 29, 2007, a Grant Deed was recorded as Instrument No. 20072627938 in the Official Records of the Los Angeles County Recorder's Office, pursuant to which Rebecca transferred a ½ tenant in common interest in Parcel B to Ullman, as the Trustee of The Jeffrey C. Ullman Separate Property Trust (the "Ullman Trust"). A true and correct *certified* copy of the Grant Deed is attached to the "RJN" as Exhibit "7" and is incorporated herein by this reference.

On or about April 18, 2008, a Grant Deed was recorded as Instrument No. 20080681362 in the Official Records of the Los Angeles County Recorder's Office, pursuant to which Rebecca and the Ullman Trust transferred their entire interest in the Property to Rebecca. A true and correct *certified* copy of the Grant Deed is attached to the "RJN" as Exhibit "8" and is incorporated herein by this reference.

On or about April 30, 2008, a Deed of Trust with Assignment of Rents (the "Hollywood Dell Deed of Trust") was recorded as Instrument No. 20080759098 in the Official Records of the Los Angeles County Recorder's Office, evidencing Hollywood's loan to Rebecca in the amount of $4,100,000.00, and encumbering the Property. A true and correct *certified* copy of the Hollywood Dell Deed of Trust is attached to the "RJN" as Exhibit "9" and is incorporated herein by this reference.

On or about September 5, 2008, a Short Form Deed of Trust and Assignment of Rents (the "Lindros Deed of Trust") was recorded as Instrument No. 20081602564 in the Official Records of the Los Angeles County Recorder's Office, evidencing a loan from California National Bank, custodian for Carl Lindros IRA c/o Polycomp Administrative Services ("CNB") to Rebecca in the amount of $450,000.00. The Lindros Deed of Trust purports to encumber several properties, including the

4

LEVINSON ARSHONSKY & KURTZ, LLP

036

1  Property. A true and correct *certified* copy of the Lindros Deed of Trust is attached to the "RJN" as

2  Exhibit "10" and is incorporated herein by this reference.

3       On or about July 29, 2009, an Assignment of Deed of Trust was recorded, pursuant to which

4  CNB assigned its interest in the Lindros Deed of Trust to the Lindros Trust. A true and correct

5  *certified* copy of the Assignment of Deed of Trust is attached to the "RJN" as Exhibit "11" and is

6  incorporated herein by this reference.

7       **3.**     **Grounds for Commencement of the State Court Action**

8       The issue that must be resolved through the commencement of the State Court Action is to

9  quiet title to the Property which the Debtor claims no interest in pursuant to his Bankruptcy

10  Schedules. Specifically, after the Debtor and Rebecca transferred a ½ tenant in common interest in

11  the Property to Ullman, the Debtor appears to have maintained his other one-half (50%) tenant in

12  common interest in the Property as no further transfers by him are of record. *See* "RJN," Exhibit "4."

13  Notwithstanding, the Secured Creditors' extended loans to Rebecca, in her name only, which actions

14  reflect an understanding and belief that Rebecca was the sole interest holder in the Property. Thus,

15  for some reason (whether through inadvertence and/or mistake and/or that a deed from the Debtor

16  was obtained and misplaced), no deed by which the Debtor would have transferred his interest in the

17  Property to Rebecca appears to be of record as to the Property.

18       Accordingly, the prospective State Court Action will seek, in pertinent part, to:  (a) quiet title

19  as to the Property so that record title will be vested in Rebecca's name only (as the sole fee interest

20  owner of the Property); (b) judicially clarify that at the time the Secured Creditors made their loans to

21  Rebecca, all parties to those transactions also intended that record title to the Property was vested in

22  Rebecca's name only; (c) resolve the priority of liens against the Property; (4) obtain further related

23  and appropriate related injunctive relief.

24                                                      **III.**

25                                      **ARGUMENT**

26  **A.**     **The Secured Creditors are Entitled to Relief Pursuant to § 362(d)(1) for "Cause"**

27       Section 362(d)(1) of the Bankruptcy Code provides for relief from the automatic stay upon a

28  showing of "cause" by a party in interest. 11 U.S.C. § 362(d)(1). The burden of proof on a motion to lift

037

LEVINSON ARSHONSKY & KURTZ, LLP

1    the automatic stay is a shifting one -- first the moving creditor must make a *prima facie* showing that

2    "cause" exists; then the burden shifts to the debtor to show that "cause" does not exist. *See* 11 U.S.C. §

3    362(g)(1).

4       "Cause" is not defined in the Bankruptcy Code and this Court has wide latitude in determining

5    whether sufficient cause exists to lift the stay. *Christensen v. Tucson Estates (In re Tucson Estates)*,

6    912 F.2d 1162, 1166 (9th Cir. 1990) (reversing bankruptcy court imposition of stay). Generally, courts

7    determine whether "cause" exists to lift the automatic stay on a "case-by-case basis." *Tucson*, 912 F.2d

8    at 1166; *In re Castlerock Properties*, 781 F.2d 159, 163 (9th Cir. 1986) (affirming district court's

9    termination of automatic stay).

10       This Court has identified 12 factors indicating sufficient cause to lift the stay:

11      (1)    the effect or lack thereof on the efficient administration of the estate ...;

12      (2)    the extent to which state law issues predominate over bankruptcy issues;

13      (3)    the difficulty or unsettled nature of applicable law;

14      (4)    the presence of a related proceeding commenced in state court or other non-bankruptcy

15         court;

16      (5)    the jurisdictional basis, if any, other than 28 U.S.C. §1334;

17      (6)    the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

18      (7)    the substance rather than the form of an asserted core proceeding;

19      (8)    the feasibility of severing state law claims from core bankruptcy matters to allow

20         judgment to be entered in state court with enforcement left to the bankruptcy court;

21      (9)    the burden on the bankruptcy court's docket;

22      (10)    the likelihood that the commencement of the proceeding in bankruptcy court involves

23         forum shopping by one of the parties;

24      (11)    the existence of a right to a jury trial; and

25      (12)    the presence in the proceeding of non-debtor parties.

26    *Cabana v. Rodriguez (In re People's Choice Home Loan)*, 2007 Bankr. LEXIS 3811 (Bankr. CD. Cal.

27    2007) (granting partial relief from stay), quoting *Tucson*, 912 F.2d at 1162 (9th Cir. 1990).

28

LEVINSON ARSHONSKY & KURTZ, LLP

038

1   Consideration of the factors listed above supports a lifting of the stay to allow of the State Court Action

2   to go forward.

3   **1.   The State Court Action Involves Exclusively Non-Bankruptcy Law Claims and the**

4   **Action has no Effect on the Efficient Administration of the Estate**

5   Courts militate in favor of lifting the stay to allow non-bankruptcy litigation to proceed when

6   non-bankruptcy legal issues "predominate over bankruptcy issues." *Cabana*, 2007 Bankr. LEXIS at

7   *22-23 (lifting stay in part because litigation concerned matters of state law). *See Tucson*, 912 F.2d at

8   1169 (reversing lower court's refusal to lift stay in part because of the predominance of state law issues

9   in pending state court litigation).

10   Here, the prospective State Court Action contains *no* federal claims or bankruptcy-related

11   causes of action. Instead, the Secured Creditors' claims against the Debtor (now stayed) and the non-

12   debtor defendants arise entirely under California state law.  The non-debtor parties include Ullman, the

13   Ullman Trust as well as persons known and unknown claiming an adverse interest in the Property.

14   Thus, through the State Court Action, the Secured Creditors will seek a determination to quiet title as to

15   the Property against the Debtor and others, which Property the Debtor already disclaims any interest in

16   pursuant to his Bankruptcy Schedules.  The Debtor will be named as a defendant in the State Court

17   Action only because he holds some form of bare record title to the Property and is therefore a necessary

18   party said Action.

19   As set forth above, the Debtor does not appear to dispute the Secured Creditors' position.

20   Additionally, in no event would the Secured Creditors seek to enforce any judgment against the Debtor

21   outside of this Court nor would they seek to enforce any judgment whatsoever against the Debtor.

22   Accordingly, relief from stay should be granted.

23   **3.   The State Court Action is Not a "Core" or "Related" Proceeding**

24   Courts have also examined the "relatedness" of the non-bankruptcy proceeding when

25   determining whether cause exists to lift the automatic stay. *Tucson*, 912 F.2d at 1169. Core proceedings

26   are those "arising under title 11, or arising in a case under title 11". 28 U.S.C. § 157(b) (defining core

27   proceedings). A proceeding "arises under title 11"" when the Bankruptcy Code itself creates the cause

28   of action. *In re Eastport Assocs.*, 935 F.2d 1071 (9th Cir. 1991) (recognizing non-core nature of a

711-152/71842                                                       7

LEVINSON ARSHONSKY & KURTZ, LLP

1    proceeding but ultimately affirming denial of abstention motion in part because no state court

2    proceeding had been commenced). Similarly, a proceeding "arises in a case under title 11"" if it can

3    only arise in a case under the Bankruptcy Code. *Id.*

4        Section 157(b)(2) provides a non-exhaustive list of core proceedings, which includes several

5    broadly-stated catch-all provisions. 11 USC § 157(b)(2)(A) - (0) ("Core proceedings include, but are

6    not limited to - (A) matters concerning the administration of the estate ... and (0) other proceedings

7    affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor ...

8    relationship..."").  The Ninth Circuit, however, "takes a narrower view" than other Circuits when

9    determining what constitutes a core proceeding under the catch-all provisions. *Kendall v. Hartford Fire*

10   *Ins. Co.*, 2008 WL 753718 n.4 (N.D.Cal. Mar. 19, 2008) ("If the proceeding does not invoke a

11   substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy

12   it is not a core proceeding"). Indeed, otherwise non-core claims are not transformed into core claims by

13   virtue of their potential impact on the estate: "While the potential effect of the breach of contract claim

14   on a resolution of the matters before the bankruptcy court renders the claim 'related to' the core

15   proceedings, ... it does not convert the claim into a core proceeding itself." *Kendall*, 2008 WL 753718

16   at *2; *Tucson*, 912 F.2d at 1168-69 (pre-petition state law claim was non-core because "[c]ongress did

17   not intend [28 U.S.C. § 1334(e)] to reach as broadly .... Courts in applying the provision defer to state

18   courts in many cases that *concern* estate property" (emphasis in original).

19       Conversely, a proceeding is a non-core "related to'" proceeding when its "outcome . ... could

20   conceivably have any effect on the estate being administered in bankruptcy." *In re Pegasus Gold*

21   *Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005), quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir.

22   1984).

23       Here, none of the rights and causes of action, primarily, consisting of quiet title and related

24   declaratory and injunctive relief claims, which the Secured Creditors intend to assert in the State Court

25   Action are created by federal bankruptcy law, nor are these rights of the type that arise only under the

26   Bankruptcy Code.  Consequently, the State Court Action will be a non-core proceeding.  In fact, the

27   Action is not even a "related" proceeding given that the Debtor claims no interest in the Property.

28   Thus, the Stay should be lifted on this ground.

713-152/718/42                    8

LEVINSON ARSHONSKY & KURTZ, LLP

1      **4.    The Secured Creditors' Right to a Jury Trial in the State Court Action.**

2              28 USC § 157(e) states that "if the right to a jury trial applies in a proceeding that may be heard

3      under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially

4      designated to exercise such jurisdiction by the district court and with the express consent of all the

5      parties." 28 U.S.C. § 157(e). Bankruptcy courts may not hear jury trials, however, in non-core matters

6      without the consent of the parties. *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990)

7      ("bankruptcy courts cannot conduct jury trials on non-core matters, where the parties have not

8      consented"); *Kendall*, 2008 WL 753718 at *3 (defendant's right to jury trial warranted withdrawal of

9      the reference when defendant did not consent to a jury trial before the bankruptcy court on a non-core

10     proceeding); *In re Luu*, 2007 WL 806626 (E.D.Cal. 2007) (withdrawing reference because of failure to

11     consent to jury trial).

12             In the State Court Action, the Secured Creditors intend to demand a jury trial, to the full extent

13     allowed, in accordance with their Seventh Amendment right. They do not consent to the trial of their

14     claims in this Court to the extent a jury trial is permissible, including relative to the cause of action for

15     quiet title and other claims they intend to pursue in the State Court Action. Accordingly, the Secured

16     Creditors have established sufficient cause within the meaning of § 362(d)(1).

17     **5.    Non-Debtor Parties to the State Court Action.**

18             Ullman, the Ullman Trust as well as persons known and unknown, claiming any legal or

19     equitable right, title, estate, lien, or interest in the Property adverse to the Secured Creditors' title, or

20     any cloud on said title, will also be named parties to the State Court Action. These parties would be

21     forced to bear the burden the expense of proceedings in this Court even though the Action will concern

22     only claims based in State law. This factor also weighs in favor of lifting the stay. Accordingly, the

23     Secured Creditors have established sufficient cause within the meaning of § 362(d)(1).

24     **B.     The Secured Creditors are Also Entitled to Relief Pursuant to § 362(d)(2)**

25             11 U.S.C. § 362(d)(2) specifically authorizes the court to grant relief from the stay "with respect

26     to a stay of an act against property under subsection (a) of this section, if--

27                     (A) the debtor does not have an equity in such property; and

28                     (B) such property is not necessary to an effective reorganization."

711-152/71842                                                    9

1    Here, the Debtor claims no legal or equitable interest in the Property. *See* RJN, Exhibit "1".

2 Moreover, the Debtor commenced this case under Chapter 7 and therefore the Property is not necessary

3 for an effective reorganization. *See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates,*

4 *Ltd.*, 484 U.S. 365, 108 S.Ct. 626 (1988). Accordingly, the Secured Creditors have established

5 sufficient cause within the meaning of § 362(d)(2).

6

7                                    IV.

8                              **CONCLUSION**

9    Relief from the automatic stay should be granted under each of the two distinct subsections of

10 Section 362(d). The State Court Action will involve entirely state law claims against the Debtor and

11 non-debtor parties. Furthermore, refusal to lift the automatic stay may threaten the Secured Creditors'

12 right of jury trial. These factors weigh in favor of a finding of cause within the meaning of Section

13 362(d)(1). Moreover, the State Court Action involves real property in which the Debtor possesses no

14 equity and which is unnecessary to the Debtor's estate. Thus, this Court may also grant relief from the

15 stay under § 362(d)(2).

16    Accordingly, the Secured Creditors respectfully request that the Court lift the stay in order to

17 permit the commencement of the State Court Action and allow it to proceed to judgment.

18 Dated:    January 11, 2010            LEVINSON ARSHONSKY & KURTZ, LLP

19

20                          By:  /s/  Elan S. Levey
21                               ELAN S. LEVEY
                                 Attorneys for Secured Creditors, Hollywood Dell First
22                               Mortgage Investors, LP and Carl E. Lindros, Trustee of
                                 the Lindros Family Revocable Trust U/A 12/1782

23

24

25

26

27

28

711-152/71842                          10

042

## DECLARATION OF ELAN S. LEVEY

I, Elan S. Levey, declare:

1.     I am an attorney at law duly admitted to practice before the United States Bankruptcy Court. I am a Senior Counsel with Levinson Arshonsky & Kurtz, LLP, counsel for Hollywood Dell First Mortgage Investors, LP and Carl E. Lindros, Trustee of the Lindros Family Revocable Trust U/A 12/1782 (collectively, the "Secured Creditors"). I know the following facts of my own personal knowledge and if called as a witness to these proceedings, I could and would competently testify thereto.

2.     The issue that must be resolved through the commencement of the State Court Action is to quiet title to the Property which the Debtor claims no interest in pursuant to his Bankruptcy Schedules. Specifically, after the Debtor and Rebecca transferred a ½ tenant in common interest in the Property to Ullman, the Debtor appears to have maintained his other one-half (50%) tenant in common interest in the Property as no further transfers by him are of record. *See* "RJN," Exhibit "4."

3.     Notwithstanding, the Secured Creditors extended loans to Rebecca, in her name only, which actions reflect an understanding and belief that Rebecca was the sole interest holder in the Property. Thus, for some reason (whether through inadvertence and/or mistake and/or that a deed from the Debtor was obtained and misplaced), no deed by which the Debtor would have transferred his interest in the Property to Rebecca appears to be of record as to the Property.

4.     Accordingly, the prospective State Court Action will seek, in pertinent part, to:  (a) quiet title as to the Property so that record title will be vested in Rebecca's name only (as the sole fee interest owner of the Property); (b) judicially clarify that at the time the Secured Creditors made their loans to Rebecca, all parties to those transactions also intended that record title to the Property was vested in Rebecca's name only; (c) resolve the priority of liens against the Property; (4) obtain further related and appropriate related injunctive relief.

5.     The State Court Action contains *no* federal claims or bankruptcy-related causes of action. Instead, the Secured Creditors' claims against the Debtor (now stayed) and the non-debtor defendants arise entirely under California state law. The non-debtor parties include Ullman, the Ullman Trust as well as persons known and unknown claiming an adverse interest in the Property.

711-152/71842

11

043

1        6.     Thus, through the State Court Action, the Secured Creditors will seek a determination to

2   quiet title as to the Property against the Debtor and others, which Property the Debtor already disclaims

3   any interest in pursuant to his Bankruptcy Schedules. The Debtor will be named as a defendant in the

4   State Court Action only because he holds some form of bare record title to the Property and is therefore

5   a necessary party said Action.

6        7.     The Secured Creditors intend to demand a jury trial, to the full extent allowed, in

7   accordance with their Seventh Amendment right. They do not consent to the trial of their claims in

8   this Court to the extent a jury trial is permissible, including relative to the cause of action for quiet

9   title and other claims they intend to pursue in the State Court Action.

10        8.     In no event would the Secured Creditors seek to enforce any judgment against the

11   Debtor outside of this Court nor would they seek to enforce any judgment whatsoever against the

12   Debtor.

13        9.     Based upon the foregoing, the Secured Creditors respectfully request that relief from

14   stay be granted pursuant to 11 U.S.C. § 362(d)(1) and (2).

15

16        I declare under penalty of perjury under the laws of the United States of America that the

17   foregoing is true and correct.

18        Executed this 11th day of January, 2010 at Sherman Oaks, California.

19

20                        /s/   *Elan S. Levey*
                     ELAN S. LEVEY

21

22

23

24

25

26

27

28

LEVINSON ARSHONSKY & KURTZ, LLP

044

LEVINSON ARSHONSKY & KURTZ, LLP

### REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rules of Evidence, Rule 201(d), Secured Creditor BANK OF AMERICA, N.A. (the "Bank") hereby requests the Court to take judicial notice of the following document(s):

1.     A true and correct copy of the Debtor's Schedules "A," "C" and "D", as amended if applicable, are collectively attached hereto as Exhibit "1" and incorporated herein by this reference as though set forth in full..

2.     A true and correct *certified* copy of the Grant Deed, recorded on or about May 9, 2007 as Instrument No. 20071123435 in the Official Records of the Los Angeles County Recorder's Office, is attached hereto as Exhibit "2" and incorporated herein by this reference as though set forth in full.

3.     A true and correct *certified* copy of the Grant Deed, recorded on or about May 9, 2007 as Instrument No. 20071110568 in the Official Records of the Los Angeles County Recorder's Office, is attached hereto as Exhibit "3" and incorporated herein by this reference as though set forth in full.

4.     A true and correct *certified* copy of the Grant Deed, recorded on or about August 6, 2007 as Instrument No.  20071849897 in the Official Records of the Los Angeles County Recorder's Office, is attached hereto as Exhibit "4" and incorporated herein by this reference as though set forth in full.

5.     A true and correct *certified* copy of the Quitclaim Deed, recorded on or about September 19, 2007 as Instrument No. 20072161512 in the Official Records of the Los Angeles County Recorder's Office, is attached hereto as Exhibit "5" and incorporated herein by this reference as though set forth in full.

6.     A true and correct *certified* copy of the Grant Deed, recorded on or about September 19, 2007 as Instrument No. 20072161513 in the Official Records of the Los Angeles County Recorder's Office, is attached hereto as Exhibit "6" and incorporated herein by this reference as though set forth in full.

7.     A true and correct *certified* copy of the Grant Deed, recorded on or about November 29, 2007 as Instrument No. 20072627938 in the Official Records of the Los Angeles County Recorder's Office, is attached hereto as Exhibit "7" and incorporated herein by this reference as though set forth in full.

711-152/71842                    13

045

1    8.    A true and correct *certified* copy of the Grant Deed, recorded on or about April 18,

2   2008 as Instrument No. 20080681362 in the Official Records of the Los Angeles County Recorder's

3   Office, is attached hereto as Exhibit "8" and incorporated herein by this reference as though set forth

4   in full.

5    9.    A true and correct *certified* copy of the Deed of Trust with Assignment of Rents (the

6   "Hollywood Dell Deed of Trust"), recorded on or about April 30, 2008, as Instrument No.

7   20080759098 in the Official Records of the Los Angeles County Recorder's Office, is attached hereto

8   as Exhibit "9" and incorporated herein by this reference as though set forth in full.

9    10.    A true and correct *certified* copy of the Short Form Deed of Trust and Assignment of

10   Rents (the "Lindros Deed of Trust"), recorded on or about September 5, 2008, as Instrument No.

11   20081602564 in the Official Records of the Los Angeles County Recorder's Office, is attached hereto

12   as Exhibit "10" and incorporated herein by this reference as though set forth in full.

13    11.    A true and correct *certified* copy of the Assignment of Deed of Trust, recorded on or

14   about July 29, 2009, is attached hereto as Exhibit "11" and incorporated herein by this reference as

15   though set forth in full.

16

17   Dated:    January 11, 2010    LEVINSON ARSHONSKY & KURTZ, LLP

18    By:  /s/ Elan S. Levey
19    ELAN S. LEVEY
    Attorneys for Secured Creditors, Hollywood Dell
20    First Mortgage Investors, LP and Carl E. Lindros,
    Trustee of the Lindros Family Revocable Trust U/A
21    12/1782

22

23

24

25

26

27

28

731-152/71842    14

046

LEVINSON ARSHONSKY & KURTZ, LLP

# EXHIBIT  1

EXHIBIT  1
15

Case 2:09-bk-40964-ER   Doc 35   Filed 04/02/10   Entered 04/02/10 14:03:00   Desc
Main Document      Page 48 of 63

Case 2:09-bk-40964-ER   Doc 20   Filed 01/11/10   Entered 01/11/10 15:07:19   Desc
Main Document      Page 4 of 41

Case 2:09-bk-40964-ER   Doc 9   Filed 11/20/09   Entered 11/20/09 15:27:52   Desc
Main Document      Page 4 of 41

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Central District of California

In re   **Rob Richards**

_____
                                    Debtor

Case No.   **2:09-bk-40964**   _____

Chapter_____   **7**   _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 3,450,000.00 | | |
| B - Personal Property | Yes | 4 | 1,325,475.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 6,614,000.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 50,000.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | 116,521.81 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 5,856.45 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 6,354.00 |
| Total Number of Sheets of ALL Schedules | | 15 | | | |
| Total Assets | | | 4,775,475.00 | | |
| Total Liabilities | | | | 6,780,521.81 | |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

EXHIBIT 1
16

048

B6A (Official Form 6A) (12/07)

In re    Rob Richards                                              Case No.    2:09-bk-40964
_____                                        _____
                Debtor

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| 2110 Alcyona Dr., Los Angeles, CA 90068 | Debtor not on title/has no interest | - | 1,200,000.00 | 2,200,000.00 |
| The Vines (2 vacant parcels) 2100 N. Vine Los Angeles, CA 90068 | Debtor on Title in error. Debtor not in possession. | - | 1,050,000.00 | 2,300,000.00 |
| 2103 Alcyona Dr. Los Angeles, CA 90068 | Debtor not on title/ has no interest in property | - | 1,200,000.00 | 2,100,000.00 |

|  |  |  |  |
|---|---|---|---|
| Sub-Total > | 3,450,000.00 | (Total of this page) |
| Total > | 3,450,000.00 | |

(Report also on Summary of Schedules)

__0__  continuation sheets attached to the Schedule of Real Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

EXHIBIT 1
17

049

Case 2:09-bk-40964-ER   Doc 35   Filed 04/02/10   Entered 04/02/10 14:03:00   Desc
Main Document   Page 50 of 63

Case 2:09-bk-40964-ER   Doc 20   Filed 01/11/10   Entered 01/11/10 15:07:19   Desc
Main Document   Page 26 of 60

Case 2:09-bk-40964-ER   Doc 14   Filed 12/09/09   Entered 12/09/09 11:38:48   Desc
Main Document   Page 5 of 11

B6C (Official Form 6C) (12/07)

| | |
|---|---|
| In re   Rob Richards | Case No.   2:09-bk-40964 |
| Debtor | |

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $136,875.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Partners Federal Credit Checking/Savings Account #:1128 | C.C.P. § 703.140(b)(5) | 25.00 | 25.00 |
| **Household Goods and Furnishings** | | | |
| Furniture, Laptop, Desktop, Scanner, Printer, Surround Speakers, Flat Screen TV | C.C.P. § 703.140(b)(3) | 5,000.00 | 5,000.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| Books, Animation Art, DVDs, CDs, Figurines, Autographed Photos, | C.C.P. § 703.140(b)(5) | 5,700.00 | 5,700.00 |
| **Wearing Apparel** | | | |
| Personal Clothing | C.C.P. § 703.140(b)(3) | 500.00 | 500.00 |
| **Furs and Jewelry** | | | |
| Rings, Watches, Chains | C.C.P. § 703.140(b)(4) | 1,350.00 | 3,000.00 |
| | C.C.P. § 703.140(b)(5) | 1,650.00 | |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| Music Gear, Cassete Players, Art pieces, Books, Sheet Music, Figurines | C.C.P. § 703.140(b)(5) | 4,000.00 | 4,000.00 |
| **Other Contingent and Unliquidated Claims of Every Nature** | | | |
| Richards v. Fatco LASC Case No:423645 Error committed by title company in not timely preparing and filing quitclaim deed. Claim amount estimated. | C.C.P. § 703.140(b)(5) | 0.00 | 100,000.00 |
| Chris Campbell (Possible Malpractice) Potential suit against attorney in handling of matter in Ullman v. Richards pending. Suit not filed/claim not made.  Estimated damages. | C.C.P. § 703.140(b)(5) | 0.00 | 600,000.00 |
| Mark Geragos (Possible Malpractice) Potential suit against attorney in handling of matter in Ullman v. Richards pending. Suit not filed/claim not made.  Estimated damages. | C.C.P. § 703.140(b)(5) | 0.00 | 600,000.00 |
| Richards v. Richards Potential Dissolution in near future | C.C.P. § 703.140(b)(5) | 0.00 | 0.00 |
| **Patents, Copyrights and Other Intellectual Property** | | | |
| Copyrights (2) "Songs in the Key of Love" "ROB!" | C.C.P. § 703.140(b)(5) | 200.00 | 200.00 |
| Domain Names (8) | C.C.P. § 703.140(b)(5) | 400.00 | 400.00 |

  __1__   continuation sheets attached to Schedule of Property Claimed as Exempt

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

EXHIBIT 1

18

Case 2:09-bk-40964-ER   Doc 20   Filed 01/11/10   Entered 01/11/10 15:07:19   Desc
Main Document   Page 27 of 60

Case 2:09-bk-40964-ER   Doc 35   Filed 04/02/10   Entered 04/02/10 14:03:00   Desc
Main Document   Page 51 of 63

Case 2:09-bk-40964-ER   Doc 14   Filed 12/09/09   Entered 12/09/09 11:38:48   Desc
Main Document   Page 6 of 11

B6C (Official Form 6C) (12/07) -- Cont.

In re   **Rob Richards**                          Case No.   **2:09-bk-40964**
_____
Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| 2004 Acura MDX Plate #: 5HRG824 | C.C.P. § 703.140(b)(2) | 0.00 | 12,000.00 |
| **Office Equipment, Furnishings and Supplies** | | | |
| Laptop, Desktop, Scanner, Printer, Soundsticks, Harddrives, DVD Players, Softwares, Projection TVs | C.C.P. § 703.140(b)(5) | 3,800.00 | 3,800.00 |
| **Machinery, Fixtures, Equipment and Supplies Used in Business** | | | |
| Grand Piano, Keyboards, Organ Pipes, Speakers | C.C.P. § 703.140(b)(5)<br>C.C.P. § 703.140(b)(6) | 6,050.00<br>2,075.00 | 9,500.00 |

Sheet __1__ of __1__ continuation sheets attached to the Schedule of Property Claimed as Exempt

Total:  30,750.00   1,344,125.00

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

EXHIBIT 1
19

051

B6D (Official Form 6D) (12/07)

In re   **Rob Richards**                                      Case No.   **2:09-bk-40964**
                    Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | | Home Loan | | | | | |
| Carl Lindros Family Trust 747 Garden Street Santa Barbara, CA 93101 | | | | The Vines (2 vacant parcels) 2100 N. Vine Los Angeles, CA 90068 | | | | | |
| | | | | Value $        1,050,000.00 | | | | 2,300,000.00 | 1,250,000.00 |
| Account No. | | | | Home Loan | | | | | |
| Mortgage Company of Santa Barbara 747 Garden Street Santa Barbara, CA 93101 | | | | 2103 Alcyona Dr. Los Angeles, CA 90068 | | | | | |
| | | | | Value $        1,200,000.00 | | | | 2,100,000.00 | 900,000.00 |
| Account No. | | | | Home Loan | | | | | |
| Mortgage Compay of Santa Barbara 747 Garder Street Santa Barabara, CA | | | | 2110 Alcyona Dr., Los Angeles, CA 90068 | | | | | |
| | | | | Value $        1,200,000.00 | | | | 2,200,000.00 | 1,000,000.00 |
| Account No. 3674 | | | | 2004 Acura MDX Plate #: 5HRG824 | | | | | |
| Wachovia Dealer Services | | | | | | | | | |
| | | | | Value $        12,000.00 | | | | 14,000.00 | 2,000.00 |
| **0**  continuation sheets attached | | | | Subtotal (Total of this page) | | | | 6,614,000.00 | 3,152,000.00 |
| | | | | Total (Report on Summary of Schedules) | | | | 6,614,000.00 | 3,152,000.00 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                   Best Case Bankruptcy

EXHIBIT 1
20



Case 2:09-bk-40964-ER   Doc 35   Filed 04/02/10   Entered 04/02/10 14:03:00   Desc
Case 2:09-bk-40964-ER   Doc 20   Filed 01/11/10   Entered 01/11/10 15:07:19   Desc   Main Document   Page 53 of 63
Case 2:09-bk-40964-ER   Main Document   Filed 11/20/09   Page 21 of 41   Entered 11/20/09 15:27:52   Desc
Main Document   Page 21 of 41

B6 Declaration (Official Form 6 - Declaration). (12/07)

## United States Bankruptcy Court
### Central District of California

In re   Rob Richards                                         Case No.    2:09-bk-40964
                                    Debtor(s)                Chapter     7

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of
___17___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   November 20, 2009                    Signature   /s/ Rob Richards
                                                        Rob Richards
                                                        Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

EXHIBIT 1
21

053

# EXHIBIT  2

EXHIBIT  2
22

054

This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

JAN 4 2010

Dean C. Logan    REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA

EXHIBIT 2
23



▲    **This page is part of your document - DO NOT DISCARD**    ▲

 **20071123435**    Pages: 003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California                                          | Fee: 14.00
                                                    | Tax: 5,880.00
**05/09/07 AT 08:00AM**                             | Other: 0.00
                                                    | Total: 5,894.00

**Title Company**

**TITLE(S) :**  **DEED**
_____

▲                                                   ▲



L E A D    S H E E T

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**    **Number of AIN's Shown**

▲        **THIS FORM IS NOT TO BE DUPLICATED**    ▲

EXHIBIT  2
24

056

RECORDING REQUESTED BY
First American

WHEN RECORDED MAIL THIS DOCUMENT
AND TAX STATEMENTS TO:

Rebecca Richards
2110 Alcyona
Hollywood, CA 90068

05/09/07

**20071123435**

APN: 5586-005-017; 5586-005-028
Escrow No: 04902798-901-MH
Title No: 2691607-60

Space above this line for Recorder's use

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
DOCUMENTARY TRANSFER TAX IS $4,155.00 CITY TAX $4,725.00
computed on full value of property conveyed,
City of Los Angeles, AND

**FOR A VALUABLE CONSIDERATION**, receipt of which is hereby acknowledged,

Raymond V. Stone Jr., Trustee of the Stone Family Trust U/D/T dated September 23, 1996

hereby GRANT(S) to

~~REBECCA RICHARDS~~ REBECCA L. RICHARDS AND ROB RICHARDS, WIFE AND HUSBAND AS
JOINT TENANTS
the following described real property in the City of Los Angeles, County of Los Angeles, State of California:

SEE EXHIBIT "A" ATTACHED

Commonly known as: Vine Street, Los Angeles, CA

Dated: April 27, 2007

Raymond V. Stone, Jr., Trustee of the Stone Family
Trust U/D/T dated September 23, 1996

_____        _____
Raymond V. Stone Jr., Trustee

STATE OF CALIFORNIA

COUNTY OF San Diego                    } ss:

On 4 May 2007 , before me, Teresa M. Wayson a Notary Public,
personally appeared Raymond V. Stone, Jr
~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

TERESA M. WAYSON
Commission # 1613211
Notary Public - California
San Diego County
My Comm. Expires Nov 13, 2009

FOR NOTARY SEAL OR STAMP

MAIL TAX STATEMENTS AS DIRECTED ABOVE

EXHIBIT 2
25

3

## EXHIBIT "A"

### LEGAL DESCRIPTION

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

LOT 18 AND THE NORTH 50 FEET OF LOT 17, J.M. ROUERT'S TRACT IN THE CITY OF LOS ANGELES, AS PER MAP RECORDED IN BOOK 8, PAGE 66 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 5586-005-028 and 5586-005-027



*First American Title*

EXHIBIT 2
26

07 1123435

# EXHIBIT  3

EXHIBIT 3
27

This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

JAN  4  2010

Dean C. Logan  REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA



EXHIBIT 3
28

060

**This page is part of your document - DO NOT DISCARD**

 **20071110568**   Pages: 003

||||||||||||||||||||||||||||||

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**05/08/07 AT 08:00AM**

Fee:  14.00
Tax:  8,960.00
Other: 0.00
_____
Total: 8,974.00

Title Company

**TITLE(S) :  DEED**


L E A D   S H E E T

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**      **Number of AIN's Shown**

**THIS FORM IS NOT TO BE DUPLICATED**

EXHIBIT 3
29

061

RECORDING REQUESTED BY
**First American Title Company**
**WHEN RECORDED MAIL THIS DOCUMENT**
**AND TAX STATEMENTS TO:**

**Rebecca L. Richards**
**2110 Alcyona**
**Hollywood, CA 90068**

APN: 5586-001-009
Escrow No: 04902991-901-MH
Title No: 2732306-(06)

05/08/07
20071110568

Space above this line for Recorder's use

## GRANT DEED

**THE UNDERSIGNED GRANTOR(S) DECLARE(S)**
DOCUMENTARY TRANSFER TAX IS $1,760.00, CITY TAX $7,200.00
computed on full value of property conveyed,
City of Los Angeles, AND

**FOR A VALUABLE CONSIDERATION**, receipt of which is hereby acknowledged,

**Brian C. Stone, Trustee under the Brian Stone Trust Agreement dated February 11, 2002**

hereby GRANT(S) to

**Rebecca L. Richards** and Rob Richards, wife and husband as joint tenants

the following described real property in the City of Los Angeles, County of Los Angeles, State of California:
All that certain real property situated in the County of Los Angeles, State of California, described as follows:

As more completely described on Exhibit "A" attached hereto and made a part hereof.

Commonly known as: 2110 Alcyona Drive, Los Angeles, CA 90068

Dated: April 27, 2007

Brian C. Stone, Trustee under the Brian Stone Trust
Agreement dated February 11, 2002

Brian C. Stone, Trustee

STATE OF CALIFORNIA
COUNTY OF San Diego                } ss:

On 27 April 2007 before me, Teresa M. Wayson a Notary Public,
personally appeared Brian C. Stone
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature

TERESA M. WAYSON
Commission # 1613211
Notary Public - California
San Diego County
My Comm. Expires Nov 13, 2009

FOR NOTARY SEAL OR STAMP

MAIL TAX STATEMENTS AS DIRECTED ABOVE

EXHIBIT 3
30

062

3

## EXHIBIT "A"

### LEGAL DESCRIPTION

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

PARCEL 1:

LOT 2 OF TRACT 5744, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 94 PAGE 6 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 2:

THAT PORTION OF LOT 15 OF TRACT 5917 IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 66 PAGE 67 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHWESTERLY CORNER OF SAID LOT 15; THENCE NORTH 0 DEGREES 12 MINUTES 03 SECONDS WEST 84.58 FEET TO THE NORTHWESTERLY CORNER OF SAID LOT 15; THENCE SOUTH 36 DEGREES 23 MINUTES 04 SECONDS EAST 21.95 FEET TO A POINT; THENCE SOUTH 10 DEGREES 45 MINUTES 47 SECONDS WEST 58.01 FEET TO THE POINT OF BEGINNING.

APN: 5586-001-009



*First American Title*

EXHIBIT 3
31